# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

CASTER CONCEPTS, INC.,

      Plaintiff,

      v.

DORODO, LLC and SCHIOPPA DO BRASIL,

      Defendants.

Case No.

Hon.

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Caster Concepts, Inc. ("Caster Concepts") brings this Complaint for patent infringement against Defendants DoRodo, LLC ("DoRodo") and Schioppa do Brasil ("Schioppa"). Caster Concepts alleges as follows:

## PARTIES

1.  Plaintiff Caster Concepts is a Michigan corporation with a principal place of business at 16000 W Michigan Ave, Albion, MI 49224. Caster Concepts innovates, designs, and manufactures casters—wheel assemblies designed to be mounted to the bottom of an object such as heavy equipment. To that end, Caster Concepts is the owner of United States patents relating to casters.

1

2.  Defendant DoRodo is a Michigan limited liability company with a regular and established place of business at 1165 Electric Ave, Wayland, MI 49348. DoRodo sells casters, including Schioppa casters.

3.  Schioppa is a Brazilian caster manufacturer with a regular and established place of business at R. Álvaro do Vale, 284 São Paulo, SP – Brasil.

4.  DoRodo holds itself out as the "holding company for the North American operations" of Schioppa on its website. [Exhibit A, excerpt from DoRodo's website www.dorodo.net.]

## JURISDICTION AND VENUE

5.  This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6.  This Court has personal jurisdiction over DoRodo because DoRodo is a Michigan limited liability company, and more particularly, has a regular and established place of business in this district and carries on a continuous and systematic business in this district.

7.  This Court has personal jurisdiction over Schioppa because Schioppa targets consumers in the United States, including customers in the state of Michigan and this judicial district, by selling and/or offering to sell infringing products in this judicial district. Schioppa offers to sell its products, including infringing products, to customers all over the United States by publishing English-language marketing

2

material such as the brochure attached as Exhibit B directing North American customers and prospective customers to contact Schioppa directly at info@schioppa.com. Likewise, Schioppa maintains an English-language website, where it directs North American customers and prospective customers to contact Schioppa directly at export@schioppa.com.br. [Exhibit C, excerpts from Schioppa's website.] Further, publicly available information from www.importyeti.com, which sources U.S. Customer and Border Protection data about imports into the United States, shows Schioppa imports products to DoRodo, located in this judicial district, as well as other customers in the United States, including one customer located in Novi, Michigan. [Exhibit D, excerpt from www.importyeti.com.] Accordingly, Schioppa does business with, or at least intends to solicit the business of, residents of the United States and more particularly the state of Michigan and this judicial district.

8. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 at least because DoRodo resides in this district, has a regular and established place of business in this District, and has committed acts of infringement in this district; and Schioppa does not reside in any judicial district in the United States but is subject to personal jurisdiction in this judicial district as described in paragraph 7.

## CASTER CONCEPTS' ASSERTED PATENTS

9.  United States Patent No. 8,863,355 ("the '355 Patent") issued on October 21, 2014 and is titled CASTER WHEEL WITH PARABOLIC TREAD-HUB INTERFACE. A true and correct copy of the '355 Patent is attached to this Complaint as Exhibit E.

10. United States Patent No. 9,056,524 ("the '524 Patent") issued on June 16, 2015 and is titled CASTER WHEEL WITH PARABOLIC TREAD-HUB INTERFACE. A true and correct copy of the '524 Patent is attached to this Complaint as Exhibit F. The '524 Patent is a continuation of the '355 Patent.

11. The '355 Patent and the '524 Patent (together, "Asserted Patents") relate to a caster wheel assembly with, among other features, a hub with an outer rim surface having a particular parabolic cross-section.

12. Caster Concepts is the lawful owner of all rights, title, and interest in and to the Asserted Patents, possesses all rights of recovery under the Asserted Patents, and has standing to sue for infringement of the Asserted Patents.

13. The Asserted Patents are valid and enforceable.

14. Pictured below is an example Caster Concepts' caster with TWERGO wheel, which embodies the design of the Asserted Patents.

4



15. Caster Concepts marks its TWERGO products with the Asserted Patents pursuant to 35 U.S.C. §287(a).

## DEFENDANTS' INFRINGEMENT

16. In 2025, Caster Concepts learned that casters with Schioppa's Orbital wheels were being sold in the United States. [*See* Ex. B] Caster Concepts obtained and analyzed a Schioppa caster with an Orbital wheel and determined that it has the parabolic profile and other features described and claimed in the Asserted Patents. Shown below is Figure 8 from the Asserted Patents (left) compared to a cross-section of Schioppa's Orbital wheel (right).

5



17. Attached to this Complaint as Exhibits G and H are claim charts showing how the Schioppa caster with Orbital wheel infringes at least claim 1 of the '355 Patent and at least claim 7 of the '524 Patent, respectively.

18. As shown in Exhibit A, an excerpt from DoRodo's website, DoRodo imports into the United States, offers for sale, sells, and/or uses in the United States Schioppa products. On information and belief, this includes casters with Orbital wheels, which infringe at least one claim of each of the Asserted Patents as shown in Exhibits G and H.

19. Further, Schioppa imports into the United States, offers for sale, sells, and/or uses in the United States casters with Orbital wheels, which infringe at least one claim of each of the Asserted Patents as described in paragraph 7 and Exhibits G and H.

20. The Accused Products imported, sold, offered for sale, and/or used in the United States by each of Schioppa and DoRodo are the same casters with Orbital

wheels. As a result, the questions of law and fact in this action will be common to all defendants.

21. As noted in paragraph 4, DoRodo holds itself out as the "holding company for the North American operations" of Schioppa. As such, Caster Concepts' claims for infringement against each of DoRodo and Schioppa arises out of the same transaction, occurrence, or series of transactions or occurrences, and/or DoRodo and Schioppa are jointly and severally liable to Caster Concepts for the infringement described in this Complaint, because DoRodo and Schioppa are acting in concert in furtherance of their infringing activity of using, selling, offering for sale, and/or importing the casters with Orbital wheels.

22. In September 2025, Caster Concepts notified DoRodo of the Asserted Patents by letter. Schioppa received and responded to the letter on March 3, 2026. Caster Concepts then notified DoRodo and Schioppa of their infringement of the Asserted Patents on March 5, 2026. The parties exchanged letters over the next several weeks but could not come to a resolution. DoRodo and Schioppa continue to use, sell, offer for sale, and/or import infringing casters with Orbital wheels as of the date of filing this Complaint.

## COUNT I – DIRECT PATENT INFRINGEMENT

23.  Caster Concepts incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

24.  As described above in paragraphs 6 and 16-18, DoRodo has been and is now infringing, literally and/or under the doctrine of equivalents, the Asserted Patents in this District and elsewhere by using, offering for sale, importing, and/or selling casters with Orbital wheels, which fall within the scope of at least one claim of the Asserted Patents, without license or authorization. These acts constitute infringement under at least 35 U.S.C. § 271(a).

25.  Schioppa has been and is now infringing, literally and/or under the doctrine of equivalents, the Asserted Patents in this District and elsewhere by using, offering for sale, importing, and/or selling casters with Orbital wheels, which fall within the scope of at least one claim of the Asserted Patents, without license or authorization. As described above in paragraphs 7, 16-17, and 19, Schioppa directs its marketing materials to United States customers and prospective customers, and instructs these customers and prospective customers to contact Schioppa directly. Further, Schioppa imports its products to DoRodo and other customers in the United States. These acts constitute infringement under at least 35 U.S.C. § 271(a).

26.  Caster Concepts has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate it for DoRodo and Schioppa's infringement.

27. DoRodo and Schioppa's infringement of the Asserted Patents is and has been willful. DoRodo and Schioppa have been on notice of the Asserted Patents and their infringement of the Asserted Patents since at least March 5, 2026. Yet, DoRodo and Schioppa continue to use, sell, offer for sale, and/or import casters with Orbital wheels in the United States as of the date of filing this Complaint. Therefore, DoRodo and Schioppa's actions constitute willful infringement of the Asserted Patents.

28.  As a direct and proximate consequence of the infringement, Caster Concepts has been and is being harmed, and, unless DoRodo and Schioppa's infringing acts and practices are enjoined by the Court, will continue to be injured in its property rights.

29. On information and belief, DoRodo and Schioppa's infringement will continue unabated unless and until enjoined by this Court.

30. Caster Concepts is entitled to injunctive relief from this Court under 35 U.S.C. § 283.

## COUNT II – INDIRECT PATENT INFRINGEMENT

31. Caster Concepts incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

32. With knowledge of the Asserted Patents, DoRodo and Schioppa, alone or through DoRodo, have induced and continue to induce infringement of the Asserted Patents under at least 35 U.S.C. § 271(b). Schioppa and/or DoRodo, alone or through Schioppa, use, offer for sale, sell, and/or import Orbital wheels in the United States to customers, and instruct and/or encourage those customers to use the Orbital wheels as part of a caster assembly. The customers' use of the Orbital wheels as part of a caster assembly constitutes direct infringement of the Asserted Patents as shown in Exhibits G and H.

33. Schioppa and DoRodo intended for their customers to infringe the Asserted Patents, or were at least willfully blind to the existence of the Asserted Patents and/or the fact that their customers' use of the Orbital wheels would directly infringe the Asserted Patents. Schioppa and DoRodo were aware of the Asserted Patents and their customers' infringement of the Asserted Patents as of at least March 2026 yet continue to instruct and/or encourage their customers to infringe the Asserted Patents.

34. Moreover, Schioppa and DoRodo are both sophisticated companies in the field of casters, and Caster Concept's own TWERGO products are well known in

the same field. Schioppa itself holds patents in the same field and, on information and belief, monitors its competitors' patents or at least becomes aware of its competitors' patents through prosecution of its own patents. The Orbital wheel is competitive with at least Caster Concepts' TWERGO products. For these reasons, on information and belief, Schioppa and DoRodo subjectively believed or knew that there was a high probability that their customers' use of the Orbital wheels as instructed or encouraged by Schioppa and DoRodo infringes the Asserted Patent, and took deliberate actions to avoid learning that fact.

35. With knowledge of the Asserted Patents, DoRodo and Schioppa, alone or through DoRodo, have contributed and continue to contribute, without license or authority, to the infringement of the Asserted Patents under 35 U.S.C. § 271(c). Schioppa and/or DoRodo, alone or through Schioppa, use, offer for sale, sell, and/or import Orbital wheels in the United States to customers, and instruct and/or encourage those customers to use the Orbital wheels as part of a caster assembly. The customers' use of the Orbital wheels as part of a caster assembly constitutes direct infringement of the Asserted Patents as shown in Exhibits G and H.

36. The Orbital wheels have no substantial, noninfringing uses because Schioppa and DoRodo only promote the Orbital wheels for use by their customers in a manner that infringes the Asserted Patents.

11

37. The Orbital wheels constitute a material part of the invention described in the Asserted Patents for at least the reason that Orbital wheels are advertised, sold, and/or offered for sale specifically to practice the caster assembly of the Asserted Patents.

38. Caster Concepts has suffered and will continue to suffer injury and damages for which they are entitled to relief under 35 U.S.C. § 284 adequate to compensate for DoRodo and Schioppa's infringement.

39. DoRodo and Schioppa's infringement of the Asserted Patents is and has been willful. DoRodo and Schioppa have been on notice of the Asserted Patents and their infringement of the Asserted Patents since at least March 5, 2026. Yet, DoRodo and Schioppa continue to use, sell, offer for sale, and/or import the casters with Orbital wheels in the United States as of the date of filing this Complaint. Therefore, DoRodo and Schioppa's actions constitute willful infringement of the Asserted Patents.

40.  As a direct and proximate consequence of the infringement, Caster Concepts has been and is being harmed, and, unless DoRodo and Schioppa's infringing acts and practices are enjoined by the Court, will continue to be injured in its property rights.

41. On information and belief, DoRodo and Schioppa's infringement will continue unabated unless and until enjoined by this Court.

12

42. Caster Concepts is entitled to injunctive relief from this Court under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

Caster Concepts asks this Court to enter judgment against DoRodo and Schioppa and their officers, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. An adjudication that each of DoRodo and Schioppa have infringed one or more claims of the Asserted Patents;

B. An adjudication that DoRodo and Schioppa's infringement of the Asserted Patents is and has been willful;

C. The ascertainment of and award to Caster Concepts of damages from the infringement of one or more claims of the Asserted Patents, including treble damages, together with prejudgment and post-judgment interest and any other costs and expenses permitted by law, under 35 U.S.C. § 284;

D. A finding that this case is exceptional and the award of reasonable attorneys' fees, costs, and expenses in this action to Caster Concepts under 35 U.S.C. § 285;

E. A permanent injunction enjoining DoRodo and Schioppa from any further acts of infringement of Caster Concepts' patent rights under 35 U.S.C. § 283; and

F.  Awarding to Caster Concepts such other and further relief as this Court may deem just and proper.

13

## JURY DEMAND

Caster Concepts hereby demands a trial by jury on all issues so triable.

Dated: May 25, 2026                    EVIA LAW PLC

                                       /s/Steven Susser
                                       Steven Susser (P59042)
                                       Jessica Fleetham (P81038)
                                       231 S Old Woodward Suite 220
                                       Birmingham, MI 48009
                                       248.243.1201
                                       jessica@evialaw.com
                                       steven@evialaw.com

                                       *Attorneys for Plaintiff*